

**SO ORDERED.**

**SIGNED this 08 day of May, 2007.**

                                    *Dale L. Somers*
                                    **Dale L. Somers**
                              **UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| LORI ANN VIERTHALER, and<br>AARON LEE VIERTHALER, | CASE NO. 05-12279<br>CHAPTER 7 |
| **DEBTORS.** | |

**MEMORANDUM AND ORDER DENYING
TRUSTEE'S MOTION TO COMPEL TURNOVER OF FUNDS**

The Court has under advisement the Trustee's Motion to Compel Turnover of Funds ("Motion"). The Chapter 7 Trustee, Linda S. Parks ("Trustee"), appears by Linda S. Parks of Hite, Fanning, & Honeyman, L.L.P. Debtors, Lori Ann and Aaron Lee Vierthaler ("Debtors") appear by Terry S. Stephens. There were no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for an order to turnover property of the estate is a core proceedings which this Court may hear and determine

The Trustee seeks an order compelling the Debtors to turnover the estate's share of the Debtors' 2005 federal and state income tax refunds, which were applied post-petition by the IRS and the State of Kansas in partial satisfaction of Debtors' 2002 income tax liabilities.[2] Trustee relies upon the doctrine of marshaling, as applied in *In re Steele*.[3] Debtors respond that marshaling does not apply under the circumstances of this case and the Trustee should not prevail.

**FINDINGS OF FACT.**

The parties have jointly submitted a Stipulation of Facts that is the basis for the following findings of fact. Debtors filed for relief under Chapter 7 on April 20, 2005. Trustee Linda Parks is the duly appointed and acting case trustee. At the time they filed, Debtors owed federal and state income taxes for year 2002.[4] Debtors' 2005 income tax returns were filed post-petition in July 2006 and reflected that Debtors were entitled to a refund of $4,055.00 for over payment of federal taxes and $566.00 for over payment of state taxes. The estate's share of the 2005 federal refund is $1,222.05 and its share of the 2005 state refund is $170.58, for a total of $1,392.63.[5]

---

as provided in 28 U.S.C. § 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

[2] The Trustee does not state the statutory basis for her motion. However, she relied upon 11 U.S.C. § 542(b) in a similar motion filed in I*n re Blagg*, Case No. 05-18541-7. The Court assumes that she relies upon the same statute in this case. This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

[3] *Morris v. Steele (In re Steele)*, Case. No. 03-13393; Adv. No. 04-5265 (Bankr. D. Kan. Nov. 17, 2005).

[4] There is no stipulation that the IRS and the State of Kansas had liens to secure payment of these taxes.

[5] *See Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1518 (10th Cir. 1991).

2

In July and August 2006, the Trustee by letter requested Debtors to turnover their 2005 refunds. On or about August 6, 2006, counsel for the Debtors indicated that the Debtors did not expect to receive a refund because they owed taxes for pervious years. On August 28, 2006, the Trustee filed the Motion to compel payment of $1,392.63. On September 11, 2006, the Debtors objected to the Motion and provided proof that the entire amount of both the federal and state refunds had been setoff by the federal and state governments for 2002 taxes owed.

**ANALYSIS.**

Trustee contends in her Motion that she is entitled to turnover of the estate's portion of the 2005 federal and state income tax refunds under the doctrine of marshaling of assets, as applied in *In re Steele*[6] and *In re Oliver*.[7] Debtors contend that the doctrine of marshaling does not apply. They urge the doctrine requires that there be two creditors with liens on two funds in the hands of the debtors; that the two funds exist at the time of assertion of marshaling; and that there be one creditor who can satisfy his claim from either fund. They argue these conditions are not satisfied. Debtors also submit that *Steele* and *Oliver* are factually distinguishable.

The Court, in a Memorandum and Order Denying Trustee's Motion to Compel Turnover of Funds filed in *In re Blagg*[8] addressed the same issue as presented in this case under facts which are not materially different from this case. The Court examined the doctrine of marshaling of assets and held the Trustee's Motion against the debtors to turnover funds which had been offset by the IRS could not be granted under the traditional application of the doctrine

---

[6] *In re Steele*, Case No. 03-13393; Adv. No. 04-5265 (Bankr. D. Kan. Nov. 17, 2005).

[7] *In re Oliver*, Case No. 05-13356 (Bankr. D. Kan. Jan. 17, 2007).

[8] Case No. 05-18541 (Bankr. D. Kan., May 8, 2007)(Somers, J.)

3

of marshaling of assets. The case did not involve the rights of a senior secured creditor with lien rights in two or more funds or properties of the debtor, there was no common debtor with an interest in two funds from which the senior creditor could satisfy its claim, and there was no junior lien creditor with a security interest in only one of the two funds. The Court also declined to follow *Steele* and *Oliver* and to expand marshaling to compel the debtors to restore to the Trustee tax refunds which had been set off by the IRS. The Court reasoned that to do so would upset the Code priority given to taxing authorities to offset pre-petition tax liabilities with refunds attributable to pre-petition tax overpayments. It also found lack of Code authority to compel Debtors to turnover property not in their custody and control and held that the Trustee should bring a turnover action against the taxing authorities, not the debtors, when offset tax refunds are sought.

The *Blagg* analysis is equally applicable to this case. The only factual differences are that *Blagg* concerned only an IRS refund, whereas this case involves both state and federal refunds, and that in *Blagg* the Trustee sought one hundred percent of the refund because all of it was attributable to the tax year before the year in which the petition was filed, whereas in this case the Trustee seeks a portion of refunds for the tax year in which the petition was filed. These facts make no difference in the analysis. The State of Kansas, like the federal government, may under the authority of § 553 offset a tax refund for overpayment of pre-petition taxes to satisfy pre-petition tax liability.[9]

---

[9] *See 5 Collier on Bankruptcy* ¶ 553.03[2][b](Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2006) (discussing tax refunds owing from "governmental units").

**CONCLUSION.**

For the reasons stated above and fully examined in *In re Blagg*, the Trustee's Motion is denied. The doctrine of marshaling does not apply as a basis to compel the Debtors to turnover to the Trustee the estate's portions of the tax refunds which were setoff by the IRS and the State of Kansas to satisfy the Debtors' liability for income taxes for tax years prior to the date of filing. The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###